IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS ANTOINE WILSON,   )
                         )
             Plaintiff,  )
                         )
       v.                )    1:14cv622
                         )
DR. RABBAR,              )
                         )
             Defendant.  )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the following motions by Plaintiff: (1) a motion for appointment of counsel (Docket Entry 11); (2) a motion for a temporary restraining order and a preliminary injunction (Docket Entry 13); (3) a "motion" entitled "Pro-Se Motion Defendant Violating to Plaintiff's (TRO) Temporary Restraining Order" (Docket Entry 14); and (4) a motion for an "evidentiary hearing and subpoena of medical records and witness statements." (Docket Entry 16.) For the reasons that follow, Plaintiff's motions for appointment of counsel, for an evidentiary hearing and for a "violation" of a TRO will be denied and the Court will recommend that the motion for a TRO/preliminary injunction be denied.

### *Procedural Background*

On July 10, 2014, Plaintiff filed his complaint in the Eastern District of North Carolina. (Docket Entry 1.) Plaintiff alleges that he received improper medical care from

Defendant following surgery performed at the University of North Carolina Medical Center in Chapel Hill, North Carolina. Because the subject of the action, the surgery and follow-up care, occurred in the Middle District of North Carolina, the action was transferred to this district on July 23, 2014. (*See* Order Transferring Case, Docket Entry 6.)

Upon transfer to this district, Plaintiff was granted *in forma pauperis* status and on July 28, 2014 he was provided with blank summons forms which he was informed must be filled out for each defendant. (*See* Docket Entry 8.) Plaintiff returned a completed summons for Defendant and a Summons was issued by the Clerk of Court on October 20, 2014. (Docket Entry 17.) An affidavit of service filed on December 23, 2014 indicates that Defendant was served by United States Mail on November 18, 2014. (Docket Entry 24.) On December 08, 2014 Defendant's attorney filed a notice of appearance. (Docket Entry 20.) Before Defendant was served, Plaintiff filed the motions which are presently before the Court.[1]

### *Plaintiff's Motion for Appointment of Counsel*

In his motion for appointment of counsel, Plaintiff requests the Court appoint a specific lawyer, Daniel Talbert, as his counsel. (Docket Entry 11 at 1.) "The Constitution does not compel the appointment of counsel in civil cases." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012). However, this court may, within its discretion, appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1); *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under section 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court."). The court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d

---

[1] The Court notes that Defendant filed a motion to dismiss on January 13, 2015. (*See* Docket Entry 28.) That motion is not ripe for consideration and is not presently before the Court.

2

779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" *Lowery*, 492 F. App'x at 411 (*quoting Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)). "If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Plaintiff here has not demonstrated that this is an exceptional case or that he lacks the ability to adequately present it. At this stage at least, it appears that there are no exceptionally complicated issues. In fact, it appears that Plaintiff is simply alleging a disagreement with his medical care, which in general is not a proper matter for a section 1983 claim. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) (disagreements as to prescribed treatment between a prisoner and physician are not sufficient to state a constitutional claim, absent exceptional circumstances). Moreover, Plaintiff's submissions show that he is capable of representing himself in this matter. While, as he asserts, his confinement may present some challenges in litigating his claims, he has not demonstrated that he is unable to pursue his claims without counsel. Indeed, because Defendant was not served until November, the case is still in its early stages; Defendant obtained an extension of time in which to file his answer and the time to file the answer has not yet expired. *See, e.g., Reeves v. Ransom*, No. 1:10cv56, 2011 WL 4549144, at *8 (M.D.N.C. Sept. 29, 2011) ("[Defendant's inability to afford counsel and the effect of his imprisonment on his ability to litigate his case are insufficiently 'exceptional' to merit appointment of counsel . . . . 'Almost

3

every prisoner bringing a § 1983 claim would be able to cite the same circumstances as plaintiff here, and so the Court can hardly consider these circumstances to be exceptional.'" (quoting *Joe v. Funderburk*, No. 8:06-119-GRA-BHH, 2006 WL 2707011, at *1 (D.S.C. Sept. 18, 2006)).

Plaintiff's motion for the appointment of counsel is therefore denied at this time without prejudice to it being raised later upon an adequate showing.

*Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction*

On August 6, 2014, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order. As discussed previously, this motion was filed before Defendant was even served. The motion was not accompanied by a brief,[2] but it appears that Plaintiff is asking that Defendant not be involved in his future medical care and that in the event Plaintiff had another surgery he be kept in the hospital for 48 hours for observation.

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., United States Dept. of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate

---

[2] Plaintiff failed to file a brief in support of the motion. "All motions . . . shall be accompanied by a brief except as provided in section (j) of this rule. M.D.N.C. R. 7.2(a). Section (j) does not exempt motions for default judgment. *See* M.D.N.C. R. 7.3(j). "A motion unaccompanied by a required brief may, in the discretion of the court, be summarily denied." M.D.N.C. R. 7.3(k) Plaintiff's motion for appointment of counsel and his motion for an evidentiary hearing were likewise not accompanied by a brief. (*See* Docket Entries 11 & 16.) Under these circumstances, the Court could, but will not, *sua sponte* strike the motions. *See* M.D.N.C. R. 83.4(3)

4

and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).[3] The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a movant must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm.*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).[4] Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. At this stage of the proceedings, the case is in its early stages and Defendant only filed a motion to dismiss on January 13, 2015. Thus, Plaintiff's claims remain theoretically plausible. He complains of specific examples of mistreatment in his medical care which

---

[3] Temporary restraining orders, which may be issued without notice to the adverse party, are limited in duration to 14 days plus one 14-day extension. Fed. R. Civ. P. 65(b)(2).

[4] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the facts and articulating the standard for issuance of a preliminary injunction, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

occurred in March, 2014, but only vaguely asserts that he will require additional surgery, that he does not want Defendant to be involved in the surgery and that he wants a specific course of treatment. In fact, his later filing indicates that a subsequent surgery perhaps did take place, which might render the present motion for injunctive relief moot. In any event, Plaintiff has not made a "clear showing" that he is likely to succeed on the merits. *Winter*, 444 U.S. at 22. He has merely stated that Defendant provided inadequate medical care to him, that his constitutional rights have been violated, and he does not want Defendant to be involved in any of Plaintiff's future medical treatment. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). To the extent that Plaintiff is alleging a claim for medical malpractice, such a claim is not cognizable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional claim merely because the victim is a prisoner."); *Miltier v. Beorn*, 896 F.2d 848, 853 (4th Cir. 1990) (noting that mere negligence or malpractice does not violate the Eighth Amendment). The Court, without more, is unable to make a finding that Plaintiff is likely to succeed on the merits.

Plaintiff has also not shown that he will suffer irreparable harm if an injunction or TRO is not issued. While Plaintiff obviously disagrees with the treatment he has received, he has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm if this Court fails to issue an order directing Defendant to not be involved in his care and requiring specific treatment by medical professionals.

6

Further, Plaintiff has not shown that the balance of equities tips in his favor. Courts have long recognized that a prisoner has no constitutional right to receive a particular treatment or be evaluated by a specialist just because he believes such care is necessary. The balance of equities in this situation does not favor Plaintiff.

Finally, Plaintiff has not shown that an injunction is in the public interest. This Court cannot conclude that the public interest would be served by court involvement in medical care provided to inmates. *See e.g., Wyer v. Conmed Healthcare Management, Inc.*, Civil Action No. GLR-12-3362, 2013 WL 105341, at *3 (D. Md. Jan. 8, 2013) (where prisoner alleged deliberate indifference to medical needs, court finds "disagreement over medical care does not implicate a claim of constitutional magnitude" and that the public interest would not be served by ordering injunctive relief). Accordingly, this Court recommends that Plaintiff's motion for injunctive relief be denied.

### *Plaintiff's Motion for Hearing*

Plaintiff has also filed a "Pro-Se Motion for Evidentiary Hearing and Subpoena Medical Records and Witness Statements." (Docket Entry 16.) Given the present posture of the case, in which Defendant was not served until November and only this week filed a motion to dismiss, and no case-management order has been entered, Plaintiff's motion for a hearing and for discovery is premature. The Court will deny the motion with leave to refile at the appropriate time.

### *Plaintiff's Motion for "Violation of TRO"*

Finally, as for Plaintiff's motion entitled "Pro-se Motion Defendant for Violation to Plaintiff's (TRO) Temporary Restraining Order" (Docket Entry 14), the Court notes this

7

motion is without merit. No temporary restraining order has been entered in this matter, and therefore the Court obviously cannot find that any party violated a non-existent restraining order. This motion is denied.

## CONCLUSION

For the foregoing reasons, the Court finds:

(1) Plaintiff's motion for appointment of counsel (Docket Entry 11) is **DENIED**.

(2) Plaintiff's motion for a hearing and discovery (Docket Entry 16) is **DENIED** with leave to refile at a later date.

(3) Plaintiff's motion for violation of TRO (Docket Entry 14) is **DENIED**.

Additionally, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry 13) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
January 14, 2015